WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Airbus DS Optronics GmbH, | No. CV-14-02399-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Nivisys LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Airbus DS Optronics GmbH's[1] motion for partial summary judgment with respect to affirmative defenses pleaded by Defendants Nivisys, LLC ("Nivisys") and WWWT Enterprises, LLC ("WWWT").[2] (Doc. 152). Plaintiff contends that these affirmative defenses fail as a matter of law or, in the alternative, are barred by the doctrine of res judicata because they seek to collaterally attack a valid judgment obtained in prior litigation. (*Id.* at 2). Having reviewed the parties' filings and considered oral argument, the Court now rules on the motion.

---

[1] On October 4, 2012, Plaintiff changed its name from Carl Zeiss Optronics GmbH to Cassidian Optronics GmbH. (Doc. 153-1 at 2). As of January 28, 2015, Plaintiff had again changed its name to Airbus DS Optronics GmbH. (Doc. 153-8 at 1-4, 12). Plaintiff is "a foreign corporation organized under the laws of the [c]ountry of Germany." (Doc. 153-1 at 2).

[2] Nivisys, WWWT, Nivisys Industries, LLC, ("Nivisys Industries"), and First Texas Holdings Corporation ("First Texas") are the named Defendants in this matter. Nivisys Industries is a now-dissolved Arizona limited liability company.

**I.**

Plaintiff filed the instant action against Defendants in Maricopa County Superior Court on October 28, 2014, which was thereafter removed to this Court pursuant to 28 U.S.C. § 1441(b) (2012). (Doc. 1). The core of the Second Amended Complaint ("SAC") is Plaintiff's contention that Defendants are liable for a judgment previously obtained against Nivisys Industries. (Doc. 112 at 5-7). The aforementioned judgment arose out of a contract between Plaintiff and Nivisys Industries, in which Plaintiff agreed to manufacture and supply a number of optic components to Nivisys Industries. (Doc. 153-1 at 3). After Nivisys Industries breached, Plaintiff filed suit in Stuttgart Regional Court, Germany on May 29, 2012. (Doc. 153-6 at 2). The suit culminated in a default judgment against Nivisys Industries for €748,750. (153-11 at 2-7). Plaintiff later filed suit against Nivisys Industries in Maricopa County,[3] seeking to "recognize and enforce" the German judgment, (Doc. 153-1 at 2-3), and on April 16, 2014, obtained judgment for $1,269,290.05. (Doc. 153-13 at 2-3).

After the current matter proceeded to discovery, a dispute arose concerning certain document production requests. (Doc. 116). Defendants pleaded a number of affirmative defenses in their respective answers, and sought the production of documents to substantiate these defenses. (Doc. 129 at 2-5). Plaintiff objected on the grounds that the requests sought "information concerning issues fully resolved by two prior judgments," (Doc. 133 at 1-2), and subsequently filed a motion to strike Defendants' affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). (Doc. 136).

On December 7, 2015,[4] the Court found that the proper means to adjudicate the

---

[3] As of January 23, 2014, Nivisys Industries had changed its name to N.I. Liquidation, LLC, and employed no personnel. N.I. Liquidation, LLC thereafter remained an Arizona LLC until its members submitted Articles of Termination to the Arizona Corporation Commission on August 1, 2014. The Articles of Termination were executed on August 21, 2014.

[4] The Court held a hearing on December 2, 2015, during which the parties offered input on the pending discovery dispute, and Plaintiff withdrew its motion to strike. (Doc. 138).

parties' discovery dispute—and Plaintiff's argument that certain of Defendants' affirmative defenses were barred as a matter of law—was by summary judgment, and ordered Plaintiff to file a Fed. R. Civ. P. 56(f) motion. (Doc. 143 at 1-2). "Those of Defendants' affirmative defenses that d[id] not fail as a matter of law" would "define the scope of what potentially discoverable evidence is relevant under [Fed. R. Civ. P.] 26(b)(1)" and allow the Court to "rule on the discovery dispute over Defendants['] request for 'documents relating to the underlying dispute' that culminated in a judgment against Nivisys Industries, LLC." (Doc. 143 at 2 (quoting Doc. 129 at 2)).

The motion has been fully briefed, and oral argument was heard on April 27, 2016. Having set forth the pertinent background, the Court turns to Plaintiff's Rule 56 motion.

## II. Legal Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Assurance Co. of Am. v. Wall & Assocs. LLC of Olympia*, 379 F.3d 557 (9th Cir. 2004) (citation omitted); *see also* Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating to the Court the basis for and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to establish the existence of a material fact in dispute. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a *genuine* issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quoting Fed. R. Civ. P. 56(e) (1963) (amended 2010)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248

(1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247–48. But in the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

### III.

"The constitutional mandate of full faith and credit requires that a judgment validly rendered in a state court be accorded the same validity and effect in every other state's courts as it had in the state rendering it." *Pioneer Fed. Sav. Bank v. Driver*, 804 P.2d 118, 121 (Ariz. Ct. App. 1988) (citing *Lofts v. Superior Court*, 682 P.2d 412, 415 (Ariz. 1984)); U.S. CONST. art. 4 § 1. "The purpose and effect of this clause is to nationalize the doctrine of res judicata," and it "is effectuated when states recognize a sister state's final judgments as binding and conclusive." *Fremont Indem. Co. v. Indus. Comm'n*, 697 P.2d 1089, 1092 (Ariz. 1985) (citing *Durfee v. Duke*, 375 U.S. 106, 109 (1963)).

"The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings 'shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.'" *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (quoting Title 28 U.S.C. § 1738 (1982)). Mechanically, "[t]his statute directs a federal court to refer to the preclusion law of the State in which judgment was rendered." *Id.* (citation omitted); *see also Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481-82 (1982) (noting that "[i]t has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments"). "Section 1738 embodies concerns of comity and federalism that allow the States to determine, subject to the requirements of the statute and the Due Process Clause, the preclusive effect of judgments in their own courts." *Id.* Accordingly, the

Court turns to the preclusion law of Arizona. *Hannah v. GMC*, 969 F. Supp. 554, 559 (D. Ariz. 2006) (citation omitted); *Nourbakhsh v. Gayden*, 162 B.R. 841, 844 (9th Cir. Bankr. Jan. 10, 1994).

Under Arizona law, a "properly filed foreign judgment has the same effect and is subject to the same procedures as a final judgment in the state of Arizona." A.R.S. § 12-1701 *et seq.*; *Pioneer Fed. Sav. Bank*, 804 P.2d at 120 n.3 (citation omitted). And a valid default judgment has the same preclusive effect "as a judgment on the merits where the issues were litigated." *A. Miner Contr.*, *Inc. v. Toho-Tolani Cty. Improvement Dist.*, 311 P.3d 1062, 1070 (Ariz. Ct. App. 2013) (quoting *Norriega v. Machado*, 878 P.2d 1386, 1391 (Ariz. Ct. App. 1994)); *see also* Restatement (Second) of Judgments § 18, cmt. a. (noting that "[i]t is immaterial whether the judgment was rendered upon a verdict or upon a motion to dismiss or other objection to the pleadings or upon consent, confession, or default"). Preclusion is not absolute, however. There are certain circumstances where a foreign judgment shall not be given recognition and effect. Specifically, a foreign judgment "may be attacked if the rendering court lacked jurisdiction over person or subject matter, or judgment was obtained through lack of due process or was the result of extrinsic fraud, or if the judgment was invalid or unenforceable." *Pioneer Fed. Sav. Bank*, 804 P.2d at 121 (citing *Phares v. Nutter*, 609 P.2d 561, 563 (Ariz. 1980)); *see also Bebeau v. Berger*, 529 P.2d 234, 235 (Ariz. 1974). The Arizona Court of Appeals has also noted that full faith and credit may not be extended where "'such recognition or enforcement . . . would involve an improper interference with important interests of the sister state.'" *Jones v. Roach*, 575 P.2d 345, 348 n.2 (Ariz. Ct. App. 1977) (quoting Restatement 2d. of Conflict of Laws, § 103)).

Turning to the particulars of this case, it is undisputed that on May 29, 2012, Plaintiff filed suit against Nivisys Industries in Stuttgart Regional Court for breach of contract. This suit culminated in a default judgment entered in the amount of €748,750 on July 3, 2013. (Doc. 153-11 at 2-7). On December 20, 2013, Plaintiff filed suit in Maricopa County Superior Court to "recognize and enforce the [Stuttgart Regional

Court] Judgment against Nivisys [Industries]" as an Arizona judgment.[5] (Doc. 153-1 at 2-4). On April 16, 2014, pursuant to Ariz. R. Civ. P. 55(b)(1), the Superior Court recognized the German judgment as "valid and fully enforceable as a Judgment in the State of Arizona" and awarded Plaintiff $1,269,290.05. (Doc. 153-13 at 2-3). Nivisys Industries was a recognized corporate entity until August 21, 2014. (Doc. 166 at 10). The result is a presumptively valid judgment against Nivisys Industries. *See Sonya C. v. Arizona School for Deaf & Blind*, 743 F. Supp. 700, 709 (D. Ariz. 1990) (citing *Coshatt v. Calmac Manufacturing Corp.*, 602 P.2d 845, 847 (Ariz. Ct. App. 1979)).

Defendants have made no effort to establish that the Superior Court lacked jurisdiction over person or subject matter, that the judgment was the result of extrinsic fraud, or that the judgment is otherwise invalid or unenforceable. Nor do defendants argue that Nivisys Industries was not afforded requisite due process protections. Rather, Defendants contend that they cannot be bound to the judgment, as the Full Faith and Credit Clause and 28 U.S.C. § 1738 "may not be used to bind a litigant to a prior determination to which he was a stranger," *Fremont Indem. Co.*, 697 P.2d at 1093, and that such a finding would violate due process. Generally, one "who is not a party to an action is not bound by the judgment in that action." *State ex rel. Thomas v. Grant*, 213 P.3d 346, 350 (Ariz. Ct. App. 2009) (citation omitted). Defendants' argument, however, is misplaced.

---

[5] "Arizona has adopted the Revised Uniform Enforcement of Foreign Judgments Act" (the "Act"), A.R.S. § 12-1701 *et seq.*, which "provides that foreign judgments may be domesticated (converted into Arizona judgments) by filing a copy of an authenticated foreign judgment." *Eschenhagen v. Zika*, 696 P.2d 1362, 1363 (Ariz. Ct. App. 1985) (citation omitted); *see also Citibank (S.D.), N.A. v. Phifer*, 887 P.2d 5, 6 (Ariz. Ct. App. 1994) (noting that the Act "does not create substantive rights" but merely "creat[es] procedures for enforcing rights conferred by the Full Faith and Credit Clause of the United States Constitution"). The Superior Court's judgment did not state whether it relied on the Act as the basis for domestication, but the Act only applies to orders "of a court of the United States or of any other court which is entitled to full faith and credit in this state." A.R.S. § 12-1701. As discussed *infra*, judgments from courts in foreign nations are generally recognized based on principles of comity.

Defendants' liability in this case—if any—has yet to be determined. Here, Plaintiff has alleged distinct and independent causes of action (successor liability, fraudulent transfers, and improper lender conduct) to recover against Defendants, separate corporate entities. This is not a case where liability has been established and wholly unrelated parties have been bound to the same judgment. *See Richards v. Jefferson County*, 517 U.S. 793, 798-99 (1996) (citation omitted) (concluding that Alabama's application of res judicata violated the Fourteenth Amendment where claims were adjudicated and unrelated parties were then "bound by a judgment *in personam* in a litigation in which [they were] not designated as a party or to which [they had] not been made a party by service of process"). This is not a case in which an insurer and indemnitor is disputing the amount that it must insure an indemnitee against. *Falcon v. Beverly Hills Mortgage Corp.*, 815 P.2d 896, 899 (Ariz. 1991). Nor is this a case in which the parent corporation's liability was at stake *in* the prior litigation. *Zenith Radio Corp. v. Hazeltine Research*, 395 U.S. 100, 110 (1969). And this is not a case where claims of successor liability and alter ego were decided in the prior litigation by simple amendment to a default judgment without providing notice and the opportunity to be heard to the corporation that was subject to derivative liability. *Katzir's Floor & Home Design, Inc. v. M-MLS.COM*, 394 F.3d 1143 (9th Cir. 2004). The Court also finds that this is not a case where "[t]here is a clear and convincing need for a new determination of the issue" of whether Nivisys Industries breached a contract with Plaintiff due to "special circumstances," because Defendants did not have "an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action." *See Hullett v. Cousin*, 63 P.3d 1029, 2013 (quoting Restatement (Second) of Judgments 28(5) (1982)) (finding that it would be inequitable to bind limited partners of the same firm to a prior default judgment entered against the firm and general partner on the issue of whether the defendants could raise a statute of limitations defense).[6]

---

[6] The Court notes that this case—decided in 2003—was brought to the Court's attention well beyond the deadline for Defendants to file their opposition to Plaintiff's motion for partial summary judgment under LRCiv 7.2(c).

- 7 -

Nivisys Industries' members made the volitional decision not to contest two actions—one in Stuttgart Regional Court, Germany, and the other in Maricopa County, Arizona—for breach of contract. Defendants have failed to demonstrate[7] that due process demands that they be permitted—in a case alleging claims[8] of successor liability, fraudulent transfer of assets, and improper lender behavior—to attack the validity of a judgment for breach of contract obtained in a separate action against Nivisys Industries. Absent evidence to the contrary, the Maricopa County judgment "enjoys a presumption of regularity," *De Noyelles v. De Noyelles*, 703 P.2d 584, 586 (Ariz. Ct. App. 1985) (citation omitted), and there is no genuine dispute as to whether the judgment is void. *See Sonya C.*, 743 F. Supp. at 709 (citation omitted) (noting that under Arizona law a party must establish that extrinsic fraud was involved, or that the rendering court "lacked personal jurisdiction, subject matter jurisdiction, jurisdiction to enter the particular order involved, or if the court acted in excess of its jurisdiction" to show that a presumptively valid judgment is void).

Defendants may assert all available defenses to deny Plaintiff's right to recover for the claims asserted in the instant matter. But Defendants may not attack the validity or amount of the Maricopa County judgment[9] against Nivisys Industries in the amount of

---

[7] The Court did uncover one instance where the Arizona Court of Appeals noted that the doctrine of claim preclusion does not apply to alleged affirmative defenses "because affirmative defenses are not claims." *Airfreight Express*, *Ltd. v. Evergreen Air Ctr.*, *Inc.*, 158 P.3d 232 (Ariz. Ct. App. 2007) (citation omitted). But in *Airfreight Express*, the Court of Appeals was addressing *claims* raised in the second action that were masquerading as affirmative defenses to a counterclaim in the first action. *Id.* Moreover, *Airfreight Express* involved prior litigation that resulted in "a dismissal without prejudice," which the Court of Appeals later noted simply does not constitute "an adjudication on the merits and does not bar a second action under the doctrine of claim preclusion." *Goodman v. Greenberg Traurig*, *LLP*, 2011 Ariz. App. Unpub. LEXIS 564, at *17-18 (Ariz. Ct. App. Feb. 3, 2011) (citations omitted). *Airfreight Express* is thus distinguishable from the current matter.

[8] Pending separately are three motions to dismiss filed by Defendants, (Doc. 117; Doc. 119; Doc. 127), that are addressed by separate Order.

[9] The Court's conclusion would be the same if it were to have examined the

$1,269,290.05.

The Court finds that Plaintiff is entitled to summary judgment on those affirmative defenses[10] pleaded by Defendants that seek to challenge the validity of the April 16,

---

preclusive effects of the German judgment. *See Yahoo! Inc. v. La. Ligue Contre Le Racisme*, 433 F.3d 1199, 1212-13 (9th Cir. 2006) (citations omitted) (noting that "[t]here is currently no federal statute governing recognition of foreign judgments in federal courts" and that "enforceability of judgments of courts of other countries is generally governed by the law of the state in which enforcement is sought"); *United States v. Buruji Kashamu*, 656 F.3d 679 (7th Cir. 2011) (noting that when determining the preclusive effect of a judgment issued by a foreign nation's court the "domestic court is not bound by the full faith and credit clause or statute to comply with the foreign jurisdiction's rules" and should instead rely on the doctrine of comity).

Although the Court was unable to locate an example of Arizona appellate courts analyzing the domestication of judgments from a foreign nation's courts, Arizona courts have previously applied the doctrine of comity to tribal court judgments, which the Arizona Supreme Court has described as synonymous to those of a foreign nation's. *In re Lynch's Estate*, 377 P.2d 199, 201 (Ariz. 1962); *Brown v. Babbit Ford, Inc.*, 571 P.2d 689, 695 (Ariz. Ct. App. 1977). The Arizona Supreme Court has also relied on Ninth Circuit comity jurisprudence, *In re General Adjudication of All Rights to Use Water in the Gila River System & Source*, 127 P.3d 882, 898-900 (Ariz. 2006), and the Ninth Circuit has noted that generally "our courts will enforce foreign judgments that arise out of proceedings which comport with basic principles of due process." *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1413 (9th Cir. 1995) (noting that "[i]t has long been the law of the United States that a foreign judgment cannot be enforced if it was obtained in a manner that did not accord with the basics of due process"); *see also A. v. Bazurto*, 528 P.2d 178, 179-80 (Ariz. Ct. App. 1974) (noting that Arizona courts would follow the "modern trend in the United States" to give a judgment rendered by a court of a foreign nation preclusive effect provided that due process protections exist and the judgment is not the product of extrinsic fraud). Here, Defendants have argued that Plaintiff attempted to bind them "to a prior determination" to which they were not an interested party. Defendants do not attack the due process protections afforded Nivisys Industries in the Stuttgart Regional Court proceedings. It follows that Defendants have failed to show that the foreign judgment at issue "did not accord with the basics of due process." *Bank Melli Iran*, 58 F.3d at 1413.

[10] WWWT argues that it may raise equitable defenses, such as the unclean hands doctrine, as Plaintiff has asserted equitable claims in the SAC, such as successor liability and piercing the corporate veil. (Doc. 162 at 6). While WWWT alludes to multiple equitable defenses, it only addresses the doctrine of unclean hands. As discussed *supra*, Defendants may raise any defense available to "deny the plaintiff's right to recover," *Ramirez v. Ghilotta Bros. Inc.*, 941 F.Supp.2d 1197, 1204 (N.D. Cal. 2013), with respect

2014, judgment against Nivisys Industries. Accordingly, to the extent the discovery requests and objections thereto were premised on Defendants' attempt to do discovery on its affirmative defenses, that discovery will not be permitted. If after reviewing this Order the parties still have any discovery disputes stemming from the December 23, 2015, discovery dispute hearing, they shall set up a discovery dispute conference call, as detailed in the Court's Scheduling Order within fourteen (14) days of this Order.

### IV.

For the aforementioned reasons,

**IT IS ORDERED** that Plaintiff's motion for partial summary judgment on Defendants' affirmative defenses, (Doc. 152), is hereby **GRANTED**, to the extent that Defendants' affirmative defenses seeking to collaterally attack the judgment obtained against Nivisys Industries in Maricopa County Superior Court, (Doc. 153-13 at 2-3), are precluded as a matter of law.

Dated this 2nd day of May, 2016.

James A. Teilborg
Senior United States District Judge

---

to the claims asserted in this matter. But the Court notes that a successful unclean hands defense must establish that the "plaintiff's conduct 'related to the very activity that is the basis of his claim'" is inequitable or unconscionable. *First Ascent Ventures*, *Inc. v. DLC Dermacare LLC*, 312 Fed. Appx. 60, 61 (9th Cir. 2009) (quoting *Barr v. Petzhold*, 273 P.2d 161, 165-66 (Ariz. 1954)) (emphasis added); *see also Smith v. Neely*, 380 P.2d 148, 149 (Ariz. 1963) (noting that for unclean hands to be applicable, "[t]he dirt upon his hands must be his bad conduct in the transaction complained of") (emphasis removed). Defendants may not challenge or look behind the judgment rendered against Nivisys Industries with allegations of unclean hands as to the original contract action in Germany.