WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Airbus DS Optronics GmbH,<br><br>    Plaintiff,<br><br>v.<br><br>Nivisys LLC, et al.,<br><br>    Defendants. | No. CV-14-02399-PHX-JAT<br><br>**ORDER** |

Pending before the Court are two discovery motions filed by Plaintiff. First, Plaintiff seeks to have this Court compel certain third parties to respond to Rule 45 subpoenas and for leave to disclose those responses to Defendants after the close of discovery. Doc. 223. With regard to the motion to compel, it does not appear that any of the third parties were given notice of this motion or the opportunity to respond as the mailing certification does not reflect any service on said parties. Thus, the motion to compel is denied for lack of notice.

Moreover, discovery in this case closed on October 14, 2016. Plaintiff waited until September 9, 20, 29 and 29, 2016, to serve the four subpoenas at issue. Although Plaintiff included return dates on the subpoenas that were before the close of discovery, none of the four third parties at issue could comply before October 14, 2016. Thus, Plaintiff asks this Court to extend Plaintiff's deadline to make disclosures until October 29, 2016[1] (three days after each subpoena will be complied with based on Plaintiff's

---

[1] The Court notes this is a Saturday; thus, Plaintiff may really mean October 31,

current understanding).  Plaintiff has failed to show any cause, much less good cause, why these subpoenas could not have been issued after this Court's Rule 16 conference on December 10, 2014, but before September 2016 to ensure time for compliance before the close of discovery.

This Court's Rule 16 Order requires the parties to make disclosures "in a timely manner so as to allow for meaningful discovery prior to the discovery deadline…." Doc. 16 at 4.  Here, Plaintiff seeks to make these disclosures after the close of discovery, giving Defendants no opportunity to take any discovery regarding this addition information.  Further, Plaintiff seeks to make these disclosures after the dispositive motion deadline of October 28, 2016, giving Defendants no opportunity to use or address this information in their motions, if any.  These two facts result in significant prejudice to Defendants.

Finally, the Court's Rule 16 Order warned: "'last minute' or 'eleventh hour' discovery which results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and may result in denial of an extension, exclusion of evidence, or the imposition of other sanctions." Doc. 16 at 3, n. 2.  Additionally, the Court has previously told the parties that there would be no further extensions of these deadlines.  Doc. 186 at 2, n.1.  Thus, Plaintiff was well aware that delaying the issuance of these subpoenas until so close to the close of discovery could result in preclusion.  For all of the forgoing reasons, Plaintiff's motion at Doc. 223 will be denied.

Second, Plaintiff seeks to compel Defendant Nivisys, LLC (hereinafter "Defendant") to produce additional documents in response to Plaintiff's request for production served on September 6, 2016.  Doc. 225.  (It is undisputed that Defendant timely responded on October 6, 2016; the issue is whether Defendant should provide additional documents).  The parties were unable to call the Court and schedule the required discovery dispute conference call before the close of discovery (October 14, 2016.

2016); thus, Plaintiff filed the pending motion to compel on the day discovery closed.[2]

In addition to all of the warnings stated above regarding the Court's unwillingness to entertain last minute discovery disputes, the Court's Rule 16 order also includes the following Order: "[T]he parties shall **complete** all discovery by the deadline set forth in this Order (**complete** being defined as including the time to propound discovery, the time to answer all propounded discovery, the time for the Court to resolve all discovery disputes, and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes)." Doc. 16 at 3, n. 2.  Clearly filing a discovery motion on the day discovery closes runs afoul of all of this Court's requirements.

Thus, Plaintiff's motion at Doc. 225 is untimely, and will be denied accordingly. Additionally, it is procedurally improper under this Court's Rule 16 scheduling Order.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's discovery motions (Docs. 223 and 225) are denied.

Dated this 21st day of October, 2016.

James A. Teilborg
Senior United States District Judge

---

[2] The parties are very familiar with the required procedure, since they have had six separate discovery dispute hearings not counting the current dispute. Nonetheless, the Court's Rule 16 Order requires: "In the event of a discovery dispute, the parties shall jointly contact the Court via conference call to request a telephonic conference. … The parties shall not file any written materials related to a discovery dispute without express leave of Court." Doc. 16 at 4.

- 3 -