WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Airbus DS Optronics GmbH, a foreign company,<br><br>                    Plaintiff,<br><br>v.<br><br>Nivisys LLC, WWWT Enterprises LLC, and First Texas Holdings Corporation,<br><br>                    Defendants. | No. CV-14-02399-PHX-JAT<br><br>**ORDER** |
| AND RELATED COUNTERCLAIM | |

Pending before the Court are Defendants' joint motions to seal (Doc. 246, Doc. 251). The Court now rules on the motions.

I.     Background

For the purposes of these motions, it is not necessary to outline the detailed facts of this case. It is sufficient to state that Plaintiff Airbus DS Optronics GmbH ("Airbus") seeks to hold Nivisys, LLC ("Nivisys"), WWWT Enterprises, LLC ("WWWT"), and First Texas Holdings Corporation ("First Texas") liable for the debts of Nivisys Industries, LLC ("Industries"). Industries was an Arizona limited liability company that manufactured and sold defense and surveillance technology products. (Doc. 231 ¶ 1). In September of 2008, Industries entered into a purchase contract with Airbus. Through that contract, Industries agreed to purchase, and Airbus agreed to supply, certain components

of an Industries product. (Doc. 234, Exhibit WW). After Industries breached the Co-Operation agreement in October 2011, a German court entered judgment against Industries in the amount of $1,269,290.05, plus interest. (Doc. 234, Exhibit O). That judgment was domesticated and entered against Industries in Maricopa County Superior Court on April 16, 2014. (*Id.*).

Throughout 2011 and 2012, Nivisys, WWWT, and First Texas (collectively "Defendants") were involved in the transfer of Industries' debt and assets of Industries over the span of several months in 2012. Nivisys eventually became the owner of most of Industries' assets, and now operates a business substantially similar to that of Nivisys. Airbus filed this action against Defendants, seeking to hold them responsible for the judgment entered against Industries.

II.     Analysis

A.     Motion to File Under Seal

Defendants have filed three documents with the request that they be filed under seal in order to protect Nivisys' trade secrets and competitive advantage. (*See* Docs. 246, 251). The Court generally recognizes the public's right of access "to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Except for those judicial records that are "traditionally kept secret for important policy reasons," such as grand jury transcripts or warrant materials, there is a "strong presumption in favor of access" to judicial materials. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Because a motion for summary judgment is a dispositive pleading, Defendants must prove "compelling reasons" for sealing the documents. *Id.* at 1180; *see also Ctr. For Auto Safety v. Chrysler Grp., LLC*, No. 15-55084, 2016 WL 142440, at *6 (9th Cir. Jan. 11, 2016). It is within this Court's discretion to determine what is a "compelling reason" to seal. *Nixon*, 435 U.S. at 599.

1.     Exhibit AA

Defendants argue that because Exhibit AA (Doc. 235-1) includes the prices Nivisys charged for certain products, it exposes trade secrets. (Doc. 246). The Court

1   disagrees. A "trade secret may consist of any formula, pattern, device, or compilation of
2   information which is used in one's business, and which gives him an opportunity to
3   obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*,
4   298 Fed. Appx. 568, 569–70 (9th Cir. 2008) (quoting Restatement (First) of Torts § 757,
5   cmt. B (1939)). Defendants contend that the price of its products is confidential, and that
6   if a competitor obtains its pricing information, it may use that information to undercut
7   Nivisys's business. But Defendants themselves admit that the prices shown are not
8   current; rather, they are the prices as they existed in 2012. Moreover, a simple price is not
9   enough to reveal to a competitor a "formula or pattern" that Nivisys may use to price its
10  products. *See id.* A price, absent more, is not a trade secret, and the Court finds no
11  compelling reason to seal Exhibit AA.

12              2.     Exhibit LL

13  Exhibit LL (Doc. 235-12) is a consolidated financial statement of First Texas and
14  its subsidiaries, which Airbus offers to show that WWWT assumed the liability of
15  Industries when it acquired Industries' assets. (Doc. 234 at ¶ 50). Defendants argue it
16  contains confidential financial information regarding the value of Industries, and that the
17  information it contains would lead Nivisys's competitors to persuade potential buyers
18  that Nivisys is "just a small company that lacks the financial strength of its
19  competitors[.]" (Doc. 246 at 4). But as it is filed, Exhibit LL is so heavily redacted that
20  no person could make any reasonable conclusion, negative or otherwise, about the
21  financial size or strength of Nivisys. Because it is already sufficiently redacted, the Court
22  finds no compelling reason to cause the exhibit to be filed under seal.

23              3.     Exhibit D

24  Defendants also argue that Exhibit D (Doc. 250-4) should be filed under seal
25  because it discloses the identities of the shareholders of First Texas. (Doc. 251 at 2–3).
26  Defendants assert that the exhibit should be sealed because the information therein is not
27  relevant to a central issue in the case. The Court disagrees. Central to Airbus's case is its
28  assertion that a commonality of ownership and control existed between the Defendant

companies; knowledge regarding who owned or owns First Texas is therefore relevant. Defendants have not shown any additional compelling reason to file the exhibit under seal.

Accordingly, the Court denies both motions to seal. (Docs. 246, 251).

**IT IS ORDERED** that Defendants' motions to seal (Docs. 246, 251) are **DENIED**; consistent with Local Rule of Civil Procedure 5.6(c), the Clerk of the Court shall not file these documents in the record, but instead shall leave them lodged under seal. The offering party must re-file them, unsealed, within 5 calendar days of this Order, or choose not to re-file them. Nothing in this Order releases any party from its obligations under the Protective Order (Doc. 92).

Dated this 15th day of March, 2017.

James A. Teilborg
Senior United States District Judge